# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANTE BURTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-205 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **RHU SGT. WATSON,** | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Dante Burton ("Plaintiff"), acting *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 by filing a Complaint in the Court of Common Pleas of Erie County, Pennsylvania. ECF No. 1-2. The lone defendant in this action, Sgt. Watson ("Watson" or "Defendant"), removed the action to federal court on July 24, 2018. ECF No. 1. This action was referred to the undersigned for disposition on September 27, 2018 (ECF No. 6), and the parties ultimately consented to the jurisdiction of the same. ECF Nos. 4, 10.

In his Complaint, Plaintiff alleges that he was in the Restricted Housing Unit on October 12, 2017, when he informed Watson that he needed to see a psychologist because he was going to harm himself. ECF No. 1-2 ¶ 6. Watson allegedly responded that Plaintiff should do what he has to do. Id. Plaintiff proceeded "to cut his arm up." Id. ¶ 8. Plaintiff showed Watson his arm and Watson again did nothing. Id. ¶ 9. Plaintiff contends that Watson's behavior amounted to deliberate indifference to his serious mental health needs in violation of the Eighth Amendment to the United States Constitution.

1

Presently pending is Plaintiff's Motion to Compel. ECF No. 12. In his motion, Plaintiff takes issue with Defendant's response to several discovery requests. First, Defendant objected to Plaintiff's request for a copy of Defendant's "whole work file" on grounds of relevance and proportionality. ECF No. 12 ¶ 1. Instead, Defendant offered his assertion that his work history did not contain any discipline related to the mistreatment of any inmate. ECF No. 13 at 2.

Next, Plaintiff sought, by way of interrogatory, information concerning the number of suicides that had occurred at SCI-Albion, the number of inmates who had inflicted self-harm, and whether SCI-Albion had been sued by the Disability Rights Network of PA in 2013. Defendant objected on the basis that he did not know the answers to these questions and that the responses were irrelevant to Plaintiff's claims against him.[1]

Pursuant to Federal Rule of Civil Procedure 37(a), a party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." Montanez v. Tritt, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Id. (citing Goodman v. Wagner, 553 F.Supp. 255, 258 (E.D. Pa. 1982)). Rulings concerning "the proper scope of discovery and the

---

[1] Plaintiff also suggests that Defendant's discovery responses were untimely and that, accordingly, any objections have been waived. However, it appears that Defendant responded within the time period provided in the Court's Case Management Order (ECF No. 2) in all instances but one. With respect to Defendant's untimely response to Plaintiff's Second Interrogatories, Defendant sought - and received - a Motion for Extension of Time to Complete Discovery. ECF Nos. 8, 9. Because Plaintiff has not demonstrated any prejudice stemming from this short delay, the Court will not deem Defendant's objections waived.

2

extent to which discovery may be compelled are within the Court's discretion." Sears v. Mooney, 2018 WL 5841971, at *3 (M.D. Pa. Nov. 8, 2018).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. Sears, 2018 WL 5841971, at *4. As a consequence, courts often – and appropriately – apply liberal treatment to discovery rules. Id. (citing Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014)). Nonetheless, a "valid claim[ ] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

In the instant case, the information requested in Plaintiff's interrogatories concerning suicides, inmate self-harm, and prior lawsuits is plainly irrelevant to his claims against Watson. Although Plaintiff avers that this information is necessary to demonstrate that the Department of Corrections has a practice or policy of ignoring inmates' mental health issues, the Department of Corrections is not a defendant in this action. Plaintiff's claim against Watson is based on a discrete incident of misconduct that does not require Plaintiff to adduce or establish evidence of a policy or custom. Moreover, Defendant, a corrections officer, credibly avers that he does not know the answer to Plaintiff's questions concerning prison policy and litigation history. Defendant is not required to conduct further investigation into information outside of the scope of his knowledge and not within his control, particularly where it has no bearing on the actual claims and defenses of this lawsuit. Because the requested information is irrelevant to Plaintiff's claim against Watson, Plaintiff's motion to compel this information is denied.

The Court reaches the same conclusion with respect to Plaintiff's attempt to uncover Watson's entire employment history. Again, Plaintiff does not need to establish that Watson had a history of ignoring inmate complaints in order to state a claim for a violation of the Eighth Amendment based on deliberate indifference to a serious medical need. Even if this information was relevant, Defendant has already responded that he does not have any disciplinary records in his file related to inmate mistreatment. Nothing else in Defendant's work history could conceivably be relevant to Plaintiff's claims. Plaintiff's motion to compel this information is denied.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel (ECF No. 12) is **DENIED**.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: February 12, 2019