IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANTE BURTON,               )

                        )

       Plaintiff          )      Case No. 1:18-cv-00205 (Erie)

                        )

vs.                        )

                        )      RICHARD A. LANZILLO

RHU SGT. WATSON,        )      UNITED STATES MAGISTRATE JUDGE

                        )

       Defendant     )

                        )      ORDER ON PLAINTIFF'S MOTION FOR

                        )      JURY SELECTION PROCEDURES

                        )      (ECF NO. 60)

                        )

A jury trial was held in this case from September 30, 2019 to October 1, 2019. Plaintiff Dante Burton (Burton) has filed a Notice of Appeal. ECF No. 53. Burton states that he is raising the following issue on appeal: "the jury in his trial were (*sic*) not chosen from a fair cross-section of the community, do (*sic*) to the fact Plaintiff had only all white jurors to select from, which this acknowledged on Oct. 1, 2019 during the in-camera colloquy." ECF No. 65, p. 2. Burton has previously petitioned the Court for a free transcript of certain trial proceedings, which this Court granted. ECF No. 61. Now before the Court is Burton's motion for jury selection procedures. ECF No. 65. Burton relies on *United State v. Savage*, 2013 WL 797417 (E.D. Pa. Mar. 5, 2013) in asking for access to the following documentation:

1. The source list for the compilation of jury panels in the Western District of Pennsylvania in 2017, 2018, and 2019, and the data involved, including voter lists of each county in the Western District and any data available regarding age, race, sex, etc.;

2. The Master list compiled for 2017, 2018, and 2019 or any other list from which the jurors are selected from;

3. The records of which names on the Master list that were mailed questionnaires, the number of times questionnaires were mailed to the individual(s), the disposition of the mailing, and the addresses to which the questionnaires were mailed;

4.   The Qualified list for 2017, 2018, and 2019, including data showing which jurors qualified, disqualified, or deferred and data showing all responses to the jury questionnaire used for qualification, including race, Hispanic status, sex, etc.;

5.   The mailing of summons and the disposition of those mailings for 2017, 2018, and 2019, including "dispositions and deferments" resulting and the reasons for which they were granted;

6.   The monthly petit term list as of the end of each month beginning from August 1, 2017, through to the date of the trial, including juror index number;

7.   The venire panels from August 1, 2017, through to the date of the trial, including juror index number;

8.   Any supplementation to any of the Master or Qualification wheels;

9.   The spreadsheet with the statistical breakdown by race and ethnicity for all the jurors initially summoned for petit jury selection in this case; and,

10.  The spreadsheet with the statistical breakdown by race and ethnicity for however many jurors responded to the summons and appeared to fill out questionnaires.

ECF No. 65, pp. 2-7.

This Court lacks jurisdiction, however, to rule on Burton's motion. The filing of a notice of appeal marks the traditional line between trial and appellate review. In federal court, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed.2d 225 (1982). While certain matters unrelated to the merits of the appeal remain within the power of the district court, judicial action authorizing discovery relating to an issue on appeal is not one of the exceptions to the divestiture of its jurisdiction. *United States v. Flamer*, 2009 WL 237084, at *2 (3d Cir. Feb. 3, 2009). The Court of Appeals for this Circuit has stated, "'[d]ivest' means what it says—the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." *Venen v. Sweet*, 758 F.2d 117, 120–21 (3d Cir.1985). (footnote omitted). Given this directive then, this

Court has no power to grant the relief requested and must therefore dismiss Burton's motion for a lack of jurisdiction.

      Entered and Ordered this 26th day of May, 2020.


_____
RICHARD A. LANZILLO
United States Magistrate Judge